**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**(DALLAS DIVISION)**

| | | |
|---|---|---|
| REBECCA BASCONE, individually | ) | |
| and as administratrix of the | ) | |
| ESTATE OF KATHERINE BASCONE | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Case No. 3:20-cv-422 |
| GEORGE GUO, an individual | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT

COME NOW, REBECCA BASCONE, individually and as administratrix on behalf of the ESTATE OF KATHERINE BASCONE (Collectively "Plaintiffs") for their causes of action against the Defendant, GEORGE GUO, state and allege as follows:

### DISCOVERY PLAN

1. *Discovery Control Plan.* Pursuant to Rule 190.4 of the TEXAS RULES OF CIVIL PROCEDURE, discovery in this case should be conducted under Level 3. Therefore, Plaintiffs' respectfully request that this Court enter an appropriate Scheduling Order so that discovery may be conducted under Level 3.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.SC. § 1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00). Venue is proper in this Court pursuant to 28 U.SC. § 1391 (b)(2) because the events giving rise to Plaintiffs' claims occurred within the Northern District of Texas Dallas Division.

## PARTIES

3. Plaintiff Rebecca Bascone is an individual residing in Tulsa County, Oklahoma.

4. Plaintiff Rebecca Bascone is the mother and administratrix of the Estate of Katherine Bascone ("Decedent").

5. Decedent is an individual who resided in Tulsa County, Oklahoma at the time of her death.

6. Decedent's estate has, at this time, no property (real or personal) or debts, and an administration of the estate was filed in Tulsa County, Oklahoma, wherein Rebecca Bascone is named administratrix.

7. Defendant George Guo is an individual residing in Harris County, Texas, but upon information and belief, is currently incarcerated at the Dallas County jail being held for transfer to the Texas Department of Corrections.

## BACKGROUND FACTS

Plaintiffs reallege and incorporate by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated herein.

8. On or about June 19, 1988, Defendant Guo broke into Plaintiff Katherine Bascone's Highland Park, Texas residence, and raped, brutally attacked, and strangled her (the "Attack").

9. As a result of Defendant's egregious conduct, Decedent – a newly licensed physician who was about to begin a residency program at Tulane University – suffered an anoxic brain injury, which left her blind, unable speak, incapable of holding up her head, and incapable of voluntary movement.

10. After the Attack, and prior to her death, Decedent required full-time nursing care.

11. In or around March 2005, Decedent was relocated with her parents to Tulsa,

Oklahoma, where she remained confined to a bed at a nursing facility.

12. On February 22, 2018, Decedent passed away in hospice care in Tulsa, Oklahoma.

13. Soon after she passed away, the Oklahoma Chief Medical Examiner ruled Decedent's cause of death as a homicide.

14. In or around June 2018, the Highland Park Police Department - in conjunction with the Dallas County District Attorney's Office – arrested Defendant Guo in Harris County, Texas for the death of Decedent after connecting him to the crime due to advances in forensic sciences and investigative techniques not available in 1988.

15. Defendant Guo was subsequently charged by indictment in Dallas County with Capital Murder, Section 19.03(a)(2) of the TEXAS PENAL CODE, on the grounds that:

> in the County of Dallas, State of Texas, [Defendant Guo] did unlawfully then and there intentionally cause the death of Katherine Ann Bascone [Decedent], an individual, hereinafter called deceased, by asphyxiating said deceased with a hair dryer cord, or ligature, or hands, or other object known or unknowable to the Grand Jury and the defendant was then and there in the course of committing and attempting to commit the offense of AGGRAVATED SEXUAL ASSAULT of said deceased.

See Indictment No.: F1900090, *The State of Texas v. George Guo*, attached hereto as Exhibit "A".

16. On or about September 23, 2019, after a trial, a Dallas County jury found Defendant Guo guilty beyond a reasonable doubt of capital murder for the death of Decedent, wherein the Jury found that "the Defendant [George Guo] intentionally caused the death of Katherine Bascone." *See* Charge of the Court and Verdict Sheet, attached hereto as Exhibit "B".

17. On or about September 23, 2019, after being found guilty of the capital murder of Decedent, 58-year-old Defendant Guo was sentenced by 194th District Court Judge, the Hon. Ernest White, to life in the Institutional Division of the Texas Department of Criminal Justice.

## COUNT ONE: Wrongful Death

Plaintiffs reallege and incorporate by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated herein.

18. Plaintiffs are entitled to and do bring this action pursuant to Title 4, Chapter 71, Subchapter A of the Texas Civil Practice and Remedies Code: Texas Wrongful Death Statute.

19. During Decedent's life, she brought incalculable joy to the life of Plaintiff Rebecca Bascone, as well as the rest of her family.

20. Plaintiff Rebecca Bascone had to continually endure the pain associated with the atrocities Defendant Guo committed upon Decedent, as she persisted in a painful, incapacitated state for nearly thirty years leading to her death; a length of time longer than she lived before Defendant Guo's egregious crime.

21. As proven by a Dallas County Jury beyond a reasonable doubt, Defendant Guo intentionally, directly, and proximately caused the death of Decedent through asphyxiation in the course of committing an aggravated sexual assault.

22. Had Decedent survived, she would have been entitled to bring an action for her injuries against Defendant Guo.

23. As a result of Defendant Guo's conduct, Plaintiffs are entitled to recover damages in excess of $75,000.

## COUNT TWO: Survival Action

24. Plaintiffs reallege and incorporate by reference the allegations set forth in all

preceding paragraphs as if set forth fully and reiterated herein.

25. As Plaintiff Rebecca Bascone is the administratrix of the Estate of Katherine Bascone, she is entitled to bring this action in such a representative capacity pursuant to Title 4, Chapter 71, Subchapters A and B of the Texas Civil Practice and Remedies Code, the Texas Wrongful Death and Survival Statutes.

26. Decedent died as a direct and proximate result of Defendant Guo's wrongful conduct.

27. Decedent would have been entitled to bring this action against Defendant Guo if she had lived.

28. Decedent's right of action for Defendant's wrongful conduct survives in favor of her heirs, legal representatives, and the estate of the deceased.

29. Defendant Guo is liable to Plaintiffs for the loss of Plaintiff Kathrine Bascone's life and pain and suffering. Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages".

## COUNT THREE: DAMAGES

30. Plaintiffs reallege and incorporate by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated herein.

31. As a result of Defendant Guo's actions and/or omissions and Decedent's death, Plaintiff Rebecca Bascone suffered damages in the past and will suffer damages in the future including, but not limited to, mental anguish, loss of consortium, grief, loss of services, loss of advice, care and counsel, loss of society and companionship, medical, funeral, and burial expenses, for which damages are sought.

32. Plaintiff Rebecca Bascone will continue to suffer these injuries for the rest of her

life, and seeks compensation for such future damages.

33. Defendant Guo is liable to the Estate of Katherine Bascone for, among other things, her physical pain, suffering, mental anguish, loss of earning capacity, physical disfigurement, physical impairment, and funeral and burial expenses.

34. Plaintiffs also seek exemplary damages for injuries caused by Defendant Guo's willful act or omission or gross neglect, as provided by Texas Civil Practice and Remedies Code: Section 71.009.

35. Defendant Guo is also liable to Plaintiffs for prejudgment interest, post judgment interest, attorneys' fees, and all other damages for which Plaintiffs are entitled, under law and in equity.

## CONDITIONS PRECEDENT

36. Plaintiffs reallege and incorporate by reference the allegations set forth in all preceding paragraphs as if set forth fully and reiterated herein.

37. Defendant Guo has actual notice of Katherine Bascone's death and the other damages and injuries complained of herein. Any conditions precedent has occurred, been performed, or have been waived.

## JURY DEMAND

38. Plaintiffs demand a jury trial.

## PRAYER

WHEREFORE, Plaintiffs pray that Defendant Guo be cited to appear and answer herein and, upon final trial hereof, that Plaintiffs have and recover from Defendant Plaintiffs' actual damages, exemplary damages, pre- and post- judgment interest, costs of court, attorneys' fees, and such other and further relief, both general and special, at law and in equity, to which they

must be justly entitled.

Respectfully submitted,

*/s/ Martin A. Brown*

_____

Martin A. Brown, (TX Bar No.  24058404)
M.A. BROWN LAW GROUP, PLLC
3010 LBJ Freeway, Ste. 1200
Dallas. TX 75234
469-514-7082 - Telephone
469-533-1904 - Facsimile
m.a.brown@brownlawpc.com

*Attorney for Plaintiffs*

and;

T. Matthew Smith, (to be admitted *pro hac vice*)
Taylor A. Moult, (to be admitted *pro hac vice*)
MULINIX, GOERKE, & MEYER, PLLC
210 PARK AVE, Suite 3030
Oklahoma City, OK  73102
(405) 232-3800 - Telephone
(405) 232-8999 - Facsimile
matt@lawokc.com
taylor@lawokc.com

*Attorneys for Plaintiffs*